Filed 6/29/21  P. v. Caliz CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304315 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA071133) |
| v. | |
| KENYA MELISSA CALIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe J. Leszkay, Supervising Deputy Attorney General, Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.

In 2017, defendant and appellant Kenya Melissa Caliz (defendant) entered a state prison and attempted to transfer contraband—marijuana—to an inmate in the prison's visiting area. In a subsequent search of her person, prison authorities found several small packages of marijuana. The People charged defendant with violating Penal Code section 4573.6, subdivision (a), which makes it a crime to possess a controlled substance (listed in a specified division of the Health and Safety Code, including marijuana) in a prison. Defendant pled no contest to the charge, and the trial court sentenced her to three-years' probation with a condition that she perform 30 days of community service.

Later, in 2019, defendant petitioned for "dismissal and sealing or reduction and resentencing" of her conviction, under Health and Safety Code section 11361.8, a statute enacted as part of Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64).[1] The People opposed defendant's petition, asserting Proposition 64 did not authorize retroactive relief for those, like defendant, who were convicted of possessing marijuana in a prison. (Health & Saf. Code, § 11362.45, subd. (d) [Health and Safety Code section 11362.1, which generally legalizes adult possession 28.5 grams or less of cannabis under California law, "does not amend, repeal, affect, restrict, or preempt [¶] . . . [¶] [l]aws pertaining to smoking or

---

[1] Section 11361.8 allows a person "serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense . . . [to] petition for a recall or dismissal of sentence . . . ."

ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code"].) The trial court recognized there was a split of authority in the Courts of Appeal as to whether Proposition 64 decriminalized or otherwise affected criminal prohibitions on cannabis possession in prisons, and the trial court sided with authority holding laws criminalizing prison cannabis possession were unaffected. (See, e.g., *People v. Perry* (2019) 32 Cal.App.5th 885, 894 (*Perry*); but see *People v. Raybon* (2019) 36 Cal.App.5th 111, 121 ["[The Legislature] limits the criminalized controlled substances to those prohibited by division 10. Possession of less than one ounce of cannabis is no longer prohibited by division 10, and therefore, . . . it is no longer a felony to possess less than one ounce in prison"], review granted Aug. 21, 2019, S256978.)

Our Supreme Court will soon definitively resolve the question we are asked to decide: whether Proposition 64's general decriminalization of marijuana possession means that a person like defendant can no longer be punished for possessing small amounts of marijuana in a state prison. As we await guidance from our Supreme Court, we resolve this appeal by siding with Court of Appeal authority holding Proposition 64 does not provide retroactive relief for the type of marijuana possession offense at issue here.[2] (*People v. Herrera* (2020) 52 Cal.App.5th 982, 995

---

[2] There is a substantial question as to whether defendant is entitled to seek relief under Health and Safety Code section 11361.8 at all because she committed her offense *after* Proposition 64 took effect. Because it does not affect our

3

["[W]e conclude that possession of a controlled substance in jail under Penal Code section 4573.6(a) is a '[l]aw[ ] pertaining to smoking or ingesting' cannabis in prison or jail (Health & Saf. Code, § 11362.45(d)). Defendant was therefore properly convicted of violating Penal Code section 4573.6(a) for possession of cannabis in jail"], review granted Oct. 14, 2020, S264339; see also *People v. Taylor* (2021) 60 Cal.App.5th 115, 122 ["In this case, we determine that cannabis is a controlled substance 'the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code.' (Pen. Code, § 4573.6, subd. (a).) We also confirm that the phrase '[l]aws pertaining to smoking or ingesting cannabis or cannabis products' in subdivision (d) of section 11362.45 (section 11362.45(d)) encompasses laws that govern possession of cannabis. Therefore, under the dictates of section 11362.45(d), although section 11362.1(a) partially decriminalizes possession of cannabis, it does not 'amend, repeal, affect, restrict, or preempt' laws governing the possession of cannabis 'on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation . . .'"]; *Perry, supra*, 32 Cal.App.5th at 894 [concluding that Division 10 of the Health and Safety Code does not prohibit possession of small amounts of cannabis for purposes of Penal Code section 4573.6 would render meaningless the proviso in Health and Safety Code section 11362.45, subdivision (d), which states Proposition 64's legalization of cannabis did not amend, repeal, affect, restrict, or

---

disposition of the appeal, we assume for argument's sake that we would not be unable to grant defendant relief if it were warranted on the merits.

4

preempt laws pertaining to smoking or ingesting cannabis in penal institutions].)

DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

5